**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **MOHAMMAD HAIDER AGHA HASAN,**<br><br>Plaintiff**,**<br><br>vs.<br><br>**KIM WARDLAW, ET AL.,**<br><br>Defendants**.** | CASE NO. 19-cv-05800-YGR<br><br>**ORDER DENYING IN FORMA PAUPERIS APPLICATION; DISMISSING ACTION WITHOUT PREJUDICE AND WITH LEAVE TO AMEND; DENYING ECF FILING; AND DENYING MOTION FOR FINANCIAL DISCLOSURES OR TO HOLD ACTION IN ABEYANCE**<br><br>Re: Dkt. Nos. 2, 4, 7 |

Presently before the Court are the motions of plaintiff Mohammad Haider Agha Hasan ("Hasan") for leave to proceed in forma pauperis, for permission for electronic case filing, and to compel disclosure of judge's financial interests. (Dkt. Nos. 2, 4, 7.) The motions are all **DENIED** for the reasons stated herein.

**1. Denial of In Forma Pauperis Status and Dismissal Pursuant to 28 U.S.C. section 1915(e)(2)(B)**

The Court **DENIES** Hasan's motion to proceed in forma pauperis. The application submitted by Hasan, signed and dated July 11, 20**18**, but filed September 17, 20**19**, does not provide sufficient information concerning his present financial circumstances. While the information stated therein would indicate that Hasan's assets and income were insufficient to enable him to pay the filing fee at the time of its making, the fact that the declaration appears to have been made more than one year prior to the filing of his complaint herein does not permit the Court to make a finding that he presently cannot do so.

Further, the Court is under a continuing duty to dismiss an action that is: "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief

against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "[S]ection 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc). Here, Hasan's complaint incorporates several pages of quotations from a multitude of sources, including various opinions of the United States Supreme Court, the Declaration of Independence, administrative decisions, a federal statute, legal treatises, and other works. The complaint then states a declaration of Hasan's belief that he has meritorious claims against defendant Ninth Circuit Court of Appeal Judges Kim Wardlaw, Jacqueline Nguyen, and Andrew Hurwitz,[1] and asserting that the complaint is not required to state a basis for avoiding dismissal due to judicial immunity. (Complaint at 6.) The only allegations in the "Statement of Facts" portion of the complaint are allegations that: "1. Judges Wardlaw, Nguyen, and Hu[r]witz injured Mr. Hasan[; and] 2. Mr. Hasan suffered from the injuries inflicted upon him by the three Judges." (*Id*. at 10.) The "Causes of Action" portion of the Complaint states:

    1. United States Constitution
        a. Facts 1 and 2
    2. United States Code
        a. Facts 1 and 2
    3. Common Law
        a. Facts 1 and 2

(*Id*.) These allegations are insufficient to state any claim against these defendants.

Further, as anticipated by Hasan, the judges named as defendants are all immune from suit. Judges are absolutely immune from civil liability for their judicial acts. *See Mullis v. U.S. Bankr. Court for Dist. of Nevada*, 828 F.2d 1385, 1388 (9th Cir. 1987) (citing *Bradley v. Fisher,* 80 U.S. (13 Wall.) 335, 347 (1872) and *Pierson v. Ray,* 386 U.S. 547 (1967)); *see also Stump v. Sparkman*, 35 U.S. 349, 356–57 (1978) (judges are not "deprived of immunity because the action [they] took [were] in error, [were] done maliciously, or in excess of [their] authority") (quotations and citation

---

[1] Judges Wardlaw, Nguyen, and Hurwitz issued the Ninth Circuit Court of Appeal's September 16, 2019 Order dismissing appeal 19-16722, *Mohammad Haider Agha Hasan v. Jeffrey S. White*. That appeal sought to challenge the August 15, 2019 Order in Northern District Cases 19-cv-3979 JST, *Mohammad Haider Agha Hasan v. Jeffrey S. White,* dismissing his complaint with leave to amend, which the Ninth Circuit determined was not a final or appealable order. (*See* Dkt. No. 18 in *Hasan v. White*, 19-cv-3979 JST.)

omitted); *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (judges' immunity from suit cannot be overcome by allegations of bad faith or malice). Such absolute immunity serves a number of functions including "protecting the finality of judgments[,] . . . discouraging inappropriate collateral attacks[,] . . . [and] protect[ing] judicial independence by insulating judges from vexatious actions prosecuted by disgruntled litigants." *Forrester v. White*, 484 U.S. 219, 225 (1988). To determine whether absolute judicial immunity applies, the allegations of the complaint must be clear enough to ascertain whether the acts complained of were undertaken in the judge's role of resolving and adjudicating issues, rather than the administrative, legislative, or executive functions that a judge may sometimes perform. *Cf. id.* at 230 (judge not entitled to absolute immunity for his decisions to demote and discharge court employee).

Based upon the foregoing, the complaint is **DISMISSED WITH LEAVE TO AMEND**. Hasan shall file any amended complaint and amended application to proceed in forma pauperis no later than **November 22, 2019**. Failure to file an amended complaint by that date will be deemed an admission that no claim can be asserted and may result in a final dismissal of the action without further notice.

### 2. ECF Filing

The motion for electronic case filing (Dkt. No. 4) is **DENIED**.

### 3. Financial Disclosures of Judge

Hasan also moves for the Court to order the undersigned to provide a copy of her Financial Disclosure Documents filed pursuant to 5 U.S.C. App. 4 § 101 *et seq.* for each year she has submitted them or, alternatively, to "hold proceedings in abeyance" until the Administrative Office ("AO") of the Federal Courts fulfills his request for such documents. (Dkt. No. 7.) Hasan indicates that he has contacted the AO and requested copies of the undersigned's financial disclosures for all years on file, and that fulfillment of the request would take 3-6 months. (*Id*. at 20.)

The motion is **DENIED**. The Court agrees that litigants are entitled to obtain financial disclosure documents in order to ascertain whether an assigned judge may have financial conflicts of interest. Hasan has made such a request as of September 18, 2019, according to his motion.

(*Id*. at 19-22.)  Such a request is the appropriate procedural channel for obtaining the disclosures.

No stay or abeyance of the instant action is warranted while Hasan awaits fulfillment of his request.  Hasan has stated no claim against defendants, nor any basis for avoiding dismissal of his complaint on the grounds of judicial immunity.  Because the only parties named in Hasan's complaint are judicial officers, and no controversy has been stated against them, the action herein presents no possibility of a "financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding."  28 U.S.C. § 455(b)(4).

This terminates Docket Nos. 2, 4, and 7.

**IT IS SO ORDERED.**

Dated: October 28, 2019

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**